ORIGINAL

AO 245B    (Rev. 6/05) Judgment in a Criminal Case
           Sheet 1

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 02 2007

at 3 o'clock and ___ min. ___ M
SUE BEITIA, CLERK

# United States District Court
## District of Hawaii

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | Case Number: **1:02CR00176-001** |
| **DAVID D. ESPINAL, aka ""DIRK DIGGLER"** | USM Number: 87300-011 |
| | **GEORGE G. WALKER, ESQ.** |
| | Defendant's Attorney |

**THE DEFENDANT:**

[✔]  pleaded guilty to count(s): <u>1 and 35 of the First Superseding Indictment and Count 1 of the Information</u>.
[ ]  pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ]  was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| See next page. | | | |

The defendant is sentenced as provided in pages 2 through <u>7</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[✔]  <u>All remaining counts of the First Superseding Indictment</u> (are) dismissed on the motion of the United States.

It is further ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

MARCH 14, 2007
Date of Imposition of Judgment

_/s/_
Signature of Judicial Officer

**DAVID ALAN EZRA**, United States District Judge
Name & Title of Judicial Officer

APR 02 2007
Date

AO 245B    (Rev. 6/05) Judgment in a Criminal Case
           Sheet 1A

| | | | Judgment - Page 2 of 7 |
|---|---|---|---|
| CASE NUMBER: | 1:02CR00176-001 | | |
| DEFENDANT: | DAVID D. ESPINAL, aka ""DIRK DIGGLER" | | |

### ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C.§846 | Conspiracy to distribute and possess with intent to distribute in excess of 50 grams of methamphetamine | 4/24/2002 | 1 |
| 18 U.S.C.§1956 | Conspiracy to engage in money laundering | 4/19/2002 | 1 |

AO 245B   (Rev. 6/05) Judgment in a Criminal Case
         Sheet 2 - Imprisonment

| | |
|---|---|
| CASE NUMBER:   1:02CR00176-001 | Judgment - Page 3 of 7 |
| DEFENDANT:   DAVID D. ESPINAL, aka ""DIRK DIGGLER" | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: <u>190 MONTHS</u>

This term consists of ONE-HUNDRED NINETY(190) MONTHS, as to Count 1 of the First Superseding Indictment and Count 1 of the Information, with all such terms to run concurrently

[✔]   The court makes the following recommendations to the Bureau of Prisons:
      Lompoc, CA.

[✔]   The defendant is remanded to the custody of the United States Marshal.

[ ]   The defendant shall surrender to the United States Marshal for this district.
      [ ] at ___ on ___.
      [ ] as notified by the United States Marshal.

[ ]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
      [ ] before __ on ___.
      [ ] as notified by the United States Marshal.
      [ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

      Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

                                                    _____
                                                    UNITED STATES MARSHAL

                                          By        _____
                                                    Deputy U.S. Marshal

AO 245B    (Rev. 6/05) Judgment in a Criminal Case
            Sheet 3 - Supervised Release

CASE NUMBER:        1:02CR00176-001                                         Judgment - Page 4 of 7
DEFENDANT:          DAVID D. ESPINAL, aka ""DIRK DIGGLER"

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: 5 YEARS

This term consists of FIVE(5) YEARS, as to Count 1 of the First Superseding Indictment, and THREE(3) YEARS as to Count 1 of the Information, with all such terms to run concurrently

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

That the defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement on supervision and at least two periodic drug tests thereafter, but not more than 8 valid drug tests per month during the term of supervised release, unless there is a positive drug test, in which event the maximum shall increase up to one valid drug test per day.

[ ]    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (Check if applicable.)

[✔]    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]    The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B     (Rev. 6/05) Judgment in a Criminal Case
               Sheet 3 - Supervised Release

CASE NUMBER:     1:02CR00176-001              Judgment - Page 5 of 7
DEFENDANT:       DAVID D. ESPINAL, aka ""DIRK DIGGLER"

## SPECIAL CONDITIONS OF SUPERVISION

1) Defendant shall participate in a substance abuse program, which may include drug testing at the discretion of the Probation Office.

2) Defendant shall not possess or use alcohol.

3) Defendant shall provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

4) Defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

AO 245 B    (Rev. 6/05) Judgment in a Criminal Case
            Sheet 5 - Criminal Monetary Penalties

CASE NUMBER:      1:02CR00176-001                                       Judgment - Page 6 of 7
DEFENDANT:        DAVID D. ESPINAL, aka ""DIRK DIGGLER"

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|         | Assessment | Fine | Restitution |
|---------|------------|------|-------------|
| Totals: | $ 200.00   | $    | $           |

[ ]  The determination of restitution is deferred until     . An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such a determination.

[ ]  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. §3664(i), all non-federal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
|                   |                 |                         |                            |
| **TOTALS**        | $ _             | $ _                     |                            |

[ ]  Restitution amount ordered pursuant to plea agreement   $ _

[ ]  The defendant must pay interest on restitution and a fine of more than $2500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ]   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   [ ]   the interest requirement is waived for the     [ ] fine     [ ] restitution

   [ ]   the interest requirement for the    [ ] fine     [ ] restitution is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13,1994, but before April 23,1996.

AO 245B   (Rev. 6/05) Judgment in a Criminal Case
         Sheet 6 - Schedule of Payments

CASE NUMBER:     1:02CR00176-001                                        Judgment - Page 7 of 7
DEFENDANT:       DAVID D. ESPINAL, aka ""DIRK DIGGLER"

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A   [ ]   Lump sum payment of $ _ due immediately, balance due
          [ ]   not later than _ , or
          [ ]   in accordance   [ ] C,   [ ] D,   [ ] E, or [ ] F below, or

B   [✔]   Payment to begin immediately (may be combined with   [ ] C,   [ ] D, or [ ] F below); or

C   [ ]   Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment ; or

D   [ ]   Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the release from imprisonment to a term of supervision; or

E   [ ]   Payment during the term of supervised release will commence within _ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   [ ]   Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]   Joint and Several

      Defendant and Co-Defendant Names and Case Numbers (including defendant number, Total Amount, Joint and Several Amount, and corresponding pay, if appropriate.


[ ]   The defendant shall pay the cost of prosecution.

[ ]   The defendant shall pay the following court cost(s):

[ ]   The defendant shall forfeit the defendant's interest in the following property to the United States:


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.