ORIGINAL

David D. Espinal #87300-011
Fdc Honolulu
Po.Box 30080
Hono.Hi. 96820

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 0 3 2007

at 2 o'clock and 35 min. P M
SUE BEITIA, CLERK

THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
Case No: CR-02-00176DAE-01

U.S.A. )
  Plaintiff )
            )
VS          )
            )
            )
DAVID D. ESPINAL )
  (Defendant)    )
                 )

MOTION TO APPEAL SENTENCE UNDER 18 U.S.C. § 3742(a)

MOTION TO APPEAL SENTENCE UNDER 18 U.S.C. § 3742(a)

Comes Now David D. Espinal I am addressing this matter for the following reason The sentence does not reflect the charges on the plea agreement. The Court imposed sentence according to the P.S.R. which went above the statutory maximum on superceding indictment and the plea agreement. In conjunction with count 1 of the Information Indictment. The prosecutor and the probation department incorrectly switched U.S. Codes to determine a greater sentence and in turn raised the maximum.

FACT 1 : The superceding indictment charges defendant in Title 21, US. Code section 841(a)(1), 843(b), 846 and 853. On page 3 of the same superceding indictment Grand Jury charges defendant in count 1 of violating Title 21, US.Code section 848(a). This is in clear error on behalf of prosecution, because defendant is clearly charged under 841(a)(1) rather than 848(a) which is C.C.E. This in turn allowed the prosecution and the probation dept. to incorrectly use US.Codes to determine the manner in which sentence was imposed (see p.13 sec.2 of the draft P.S.R.) quoted in parenthesis as to count 1(it is noted that count 1 contains a typographical error and should be amended to reflect that the drug offence is in violation of 21 U.S.C. $ 841(a)(1) rather than 21 U.S.C.$848(a)) even though it states that this error was amended, it is clear it was not. This CLEAR ERROR lead to numerous computation mistakes in the plea agreement, indictment and P.S.R.

FACT 2: In good faith on page 2 section 5 of the plea agreement defendant will enter a voluntary plea of guilty to count 1 and 35 of the first superceding indictment charging him with conspiring to distribute in excess if 50 grams of meth(count-1) and with possessing property derived from proceeds obtained as a result of the conspiracy to distribute meth (count35) and to the count of the information charging him with conspiring to launder monetary instruments. The prosecution agrees to move to dismiss the remaining counts of the first superceding indictment as to the defendant after sentencing.

NOTE: Plain and simple typographical error as to penalty offense on page3 section8 a and b.

a). States, UP to life imprisonment and a fine up to 4 million dollars, plus a term of supervised release of not less than five years and up to life as to count 1 of the first superceding indictment.

b)-a minimum term of imprisonment of 10 years as to count 1 of the first superceding indictment. It is clear that these penalties are in violation of 21U.S.C.841(b)(1)(a) rather than 21 U.S.C. 841(a)(1) to which defendant on page 2 plead out to. Because of this plain error defendants statutory minimum went from 0 to 20 maximum, to minimim of 10 to life. Once again this error on the prosecution's behalf led to the probation dept. into more errors into the computation level in which the manner of the sentence was determined.

-Page 1 of 3-

Fact 3: Once signing the plea agreement,the government month's later came up with separate indictments charging defendant under information (18U.S.C.1956(h).Again by clear error on page 2 as to the count 1 of the information in violation of title 18 U.S.C. 1956(a)(1) rather than U.S.C. 1956(h) as it states in pages 1 and 4 of this indictment which is signed by the office of Edward Kubo Jr. U.S.A.D. by Elliot Enoki- First A.U.S.A. and Thomas Muehleck A.U.S.A..This clear error led into more changing of codes into the computation of the level in which the manner of the sentence was determined.

Fact 4: Probation Dept. computation of the level on the P.S.R. page 2 charges defendant with count 1 of the Information in violation of 18. U.S.C.$1956 a class C felony. Note: P.S.R. states 1956 rather than 1956(h).

Also on page 2 under maximum penalty as to count 1 of the indictment;10 years to life imprisonment 5 years to life supervised release,four million dollar fine 100 dollar special assessment.Once again clear error,this count is 21 U.S.C.841(b)(1)(a) rather than 841(a)(1)agreed to in the plea agreement.841(b)(1)(a) is what raises the maximum.

Page 4 of the P.S.R. as to count 1 in violation of 21 U.S.C.$$848(a) and 846 note once again the error.It should be count 1 in violation of 21 U.S.C. 841(a)(1) and 846.

Page 13 section 2 as to count 1 Probation Dept. makes correction in parenthesis. ( it is noted that count 1 contained a typographical error and should be amended to reflect that the drug offenses are all in violation of 21 U.S.C. 841(a)(1) rather than 21 U.S.C. 848(a).Instead of amending and correcting the whole process they just continue with the numerous errors,before and after this correction.

Page 14 paragraph 9 Count 35 is grouped with count 1 under 841(b)(1)(a) pursuant to 21 U.S.C. 853(a)(1) continue to make errors count 1 is under 841(a)(1) pursuant to 21 U.S.C. 853.

Page 23. Information-conspiracy to engage in money laundering.
According to A.U.S.A. Thomas Muehleck on paragraph 51-56 is what the information is based upon,and what the computation under 18U.S.C. 1956(h) will determine the sentence. Adding all the amounts of paragraph 51-56,p-53 $105,000,p-54 $10,000,$9,000 p-55-$21,000,p-56-$80,000 totalling to $225,000,not the $350,000 the Probation computated for offense level,

CONCLUSION

According to charges on Indictment are 841(a)(1),843(b),846 as to count 1 in violation of 21 U.S.C.841(a)(1),superseding indictment 841(a)(1),843(b),846 and 853 as to count 1 in violation of 841(a)(1)

Plea agreement:Plead guilty to 841(a)(1),843(b),846 and 863 and to the Information as to count 1 they came later in a separate indictment under violation of title 21 U.S.C. 1956(h) someway things got switched to make count 1 in violation of title 21 U.S.C.848(a) rather than 841(a)(1). 848(a) carries a more severe penalty.Somehow again count 1 got switched from violation 841(a)(1) to 841(b)(1)(a) for a higher maximum penalty and the leading cause to be able to group the money laundering into drugs instead if illegal activities to which defendant plead out to.

Defendant entered this plea because he is in fact guilty of conspiring to distribute in excess of 50 grams of meth(note under 841(a)(1) and with possessing property derived from proceeds obtained as a result of the conspiracy to distribute meth(again under 853) and launder monetary instruments as charged in count 1 and 35 of the first superseding indictment(again under 18 U.S.C. 1956(h) and agrees that these pleas are voluntary and not the result of force or threat.

Count 35: In violation of title 21 U.S.C. 853 was pursue under Count 1 of the error under 848(a).

If convicted under 18 U.S.C. 1956 is found in U.S.S.G. 2S1.1 defendant's offense level should be level 20 an increase of 3 under 2S1.1(b)(1) add 3 more levels for 2S1.1(b)(2)(d) which comes to level 26. Even if you increase by 4 levels for organizer it comes to level 30 and with a specific offense characteristic pursuant to U.S.S.G. 2S1.1(b)(2)(B) a 2 level increase is applied because the defendant was convicted under 18U.S.C.1956. offense level is 32-3 points for acceptance of responsibility and 3 levels for 5K1 sentencing range would have been level 26 range 63-78 months.
Phase II if convicted under 18 U.S.C.1956(h) of the Information none of the above mentioned enhancement is applicable according to 1b1.3 section 6 paragraph 2, also in 2S1.1 section 3(c) none-applicability of enhancement, and on appendix C under 2S1.1.

DATED: March 30, 2007, at Honolulu, Hawaii.

Respectfully submitted,

_____
David D. Espinal
Defendant, pro se

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the attached MOTION TO APPEAL SENTENCE UNDER 18 U.S.C. § 3742(a), was duly served upon counsel for the United States of America, by depositing the same in the Institutional Legal Mailbox at the Federal Detention Center, at Honolulu, Hawaii, first class, with sufficient postage attached and addressed to:

>   Jonathen Loo
>   Assistant U.S. Attorney, for
>   Thomas Muehleck, Assistant U.S. Attorney
>   PJKK Federal Building, Room 6-100
>   300 Ala Moana Boulevard
>   Honolulu, Hawaii 96850

DATED: Honolulu, Hawaii, March 30, 2007.

By: _____
David D. Espinal
Defendant, pro se